UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

GLEN WALLIS                                                                    PLAINTIFF

V.                                       CASE NO. 3:20-CV-71-BD

SOCIAL SECURITY ADMINISTRATION                               DEFENDANT

## ORDER

### I.    Introduction:

On April 8, 2018, Glen Wallis applied for disability income benefits, alleging

disability beginning on March 30, 2018. (Tr. at 15) Mr. Wallis's claims were denied

initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative

Law Judge (ALJ) denied Mr. Wallis's application. (Tr. at 28) Mr. Wallis requested that

the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1)

Therefore, the ALJ's decision stands as the Commissioner's final decision. Mr. Wallis

filed this case seeking judicial review of the decision denying his benefits.[1]

### II.   The Commissioner's Decision:

The ALJ found that Mr. Wallis had not engaged in substantial gainful activity

since the alleged onset date of March 30, 2018. (Tr. at 18) At step two of the five-step

analysis, the ALJ found that Mr. Wallis had the following severe impairments:

degenerative disc disease, loss of hearing, and obesity. *Id*.

---

[1] The parties consented to proceed before a magistrate judge. (Doc. No. 4)

After finding that Mr. Wallis's impairments did not meet or equal a listed impairment (Tr. at 20), the ALJ determined that Mr. Wallis had the residual functional capacity (RFC) to perform work at the light exertional level, with limitations. *Id*. He could occasionally climb stairs, balance, and crouch, but never climb ladders. *Id*. He could occasionally reach overhead and frequently reach in other directions. *Id*. He could frequently handle and finger bilaterally. *Id*. He must avoid vibrations and hazards, such as unprotected heights and moving mechanical parts. *Id*. He could hear with hearing aids. *Id*.

Based on Mr. Wallis's RFC and testimony from the Vocational Expert (VE), the ALJ determined that Mr. Wallis was unable to perform any of his past relevant work. (Tr. at 26) Relying upon the testimony of a VE, the ALJ found, based on Mr. Wallis's age, education, work experience and RFC, that he was capable of performing work in the national economy as cashier II, sales attendant, document specialist, and electronics worker. (Tr. at 27) Thus, the ALJ determined that Mr. Wallis was not disabled. *Id*.

### III.  Discussion:

A.  Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). In other words, the decision must rest on enough evidence that

"a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600

F.3d at 929. The Court will not reverse the decision, however, solely because there is

evidence to support a conclusion different from that reached by the Commissioner.

*Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

> B.   Mr. Wallis's Arguments on Appeal

Mr. Wallis maintains that the evidence supporting the ALJ's decision to deny

benefits is less than substantial. He argues that the RFC did not fully incorporate his

limitations; that the ALJ should have discussed carpal tunnel syndrome at step two; and

that the ALJ failed to resolve a conflict between VE testimony and the *Dictionary of*

*Occupational Titles* (DOT).

Mr. Wallis suffered from back and neck pain; but two MRIs of Mr. Wallis's

lumbar spine revealed only mild conditions. (Tr. at 464-467, 605-608). He maintained

normal range of motion in his back and neck; and he had a normal gait. (Tr. at 575-607).

Normal clinical findings support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242

F.3d 793, 796 (8th Cir. 2001). Mr. Wallis had negative straight-leg raise results. (Tr. at

417-421) And, he reported that muscle relaxers and steroid injections helped with pain.

(Tr. at 22, 56-58, 384-390, 410, 465) Impairments that are controllable or amenable to

treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847,

852 (8th Cir. 2000).

Treating doctors opined that Mr. Wallis's excess weight was a significant factor in his pain and advised him to lose weight and exercise. (Tr. at 417-422). Mr. Wallis's doctor recommended surgery on his neck, but Mr. Wallis declined that option. (Tr. at 56). A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005)

Mr. Wallis continued to work during the relevant time period, and he was able to prepare simple meals, drive, and mow the lawn on a riding mower. (Tr. at 25, 49, 227-230, 605) Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Two state-agency medical experts reviewed the records and assigned an RFC for light work with postural limitations related to reaching. (Tr. at 80-81, 95-96) They both discussed carpal tunnel surgery in their review. Although Mr. Wallis had carpal tunnel surgery, he did not seek regular treatment specifically for hand or wrist pain. *Id*.

Mr. Wallis contends that the RFC for light work with postural limitations outstripped his abilities. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). An RFC need not rely on any medical opinion in particular, but the finding must reflect limitations supported by evidence in the record as a whole. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

Mr. Wallis had mild conditions that were treated conservatively with medication and physical therapy. He responded to mediations, including muscle relaxers and epidural injections. (Tr. at 22, 460) He could still work during the relevant time period, and his doctor declined to issue him a disabled parking tag for his car. (Tr. at 24, 605-608). While surgery was recommended, Mr. Wallis declined that option. (Tr. at 56) The ALJ considered all of these factors and discussed the expert medical opinions in arriving at the RFC for light work. (Tr. at 25) The assigned RFC was appropriate based on the evidence Mr. Wallis presented.

Mr. Wallis aruges that the ALJ should have considered his carpal tunnel syndrome at step two. The claimant has the burden of proving that an impairment is severe at step two, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). The ALJ asked Mr. Wallis about carpal tunnel syndrome and related functional limitations at the hearing. (Tr. at 58-60) She discussed Mr. Wallis's hand pain in her opinion, and both medical experts noted that Mr. Wallis had undergone surgery for that condition. (Tr. at 20-25, 80-96) The ALJ limited Mr. Wallis to frequent handling and fingering bilaterally. (Tr. at 20) The ALJ gave fair consideration of Mr. Wallis's carpal tunnel syndrome at step two.[2]

---

[2] It is worth noting that once the ALJ proceeds past step two, the labeling of an impairment as severe or non-severe has no legal significance; the medical record as a whole is the basis for determinations at steps three and four. See 20 C.F.R. §§

Finally, Mr. Wallis asserts that he could not perform the jobs identified by the VE because they required frequent reaching, and the RFC limited him to occasional overhead reaching. DOT 211.462-010, 299.677-010, 249.587-018, 726.687-046. He argues that the ALJ failed to identify or resolve this conflict. In fact, the ALJ asked the VE about the reaching discrepancy, and the VE testified that she relied on her own job placement experience and knowledge of how those particular jobs are performed. (Tr. at 67-68) The attorney also asked the VE about the possible conflict. *Id*. The ALJ then noted in her opinion that the VE's testimony was consistent with the DOT, based on her explanation of the conflict. (Tr. at 27)

Before relying on VE evidence to support a determination that a claimant is not disabled, the ALJ has an affirmative responsibility to ask about "any possible conflict" between VE testimony and the DOT, and to obtain an explanation for any such conflict. *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007); see Social Security Ruling (SSR) 00-4p, 2000 WL 1898704 (Dec. 4, 2000). In this case, the VE identified the possible conflict between the overhead reaching requirement in the jobs identified and the RFC. The VE testified that, based on her experience, the proposed jobs, as actually performed, would not present a problem for Mr. Wallis. (Tr. at 68) This is sufficient to resolve the apparent conflict. *Yeley v. Berryhill*, 2018 U.S. Dist. LEXIS 154465 (E.D. Mo. Sept. 11, 2018)(ALJ properly relied on VE's response that "in his experience" the

---

404.1545(e), 416.945(e); Social Security Ruling 96-8p.

claimant could perform the jobs identified); *Mobley v. Saul*, CASE NO: 3:19-CV-00198-JTR (E.D. Ark. July 29, 2020). The ALJ considered the conflict, asked the VE about it, and weighed the VE's response; she also noted in her decision that the VE's testimony was consistent with the DOT classifications. (Tr. at 27) She met her burden at step five.

## IV.   Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC fully incorporated Mr. Wallis's credible limitations, and the ALJ did not err at step two or step five. The finding that Mr. Wallis was not disabled within the meaning of the Social Security Act must be, and hereby is, AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 24th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE